SEA005 2119

___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

**OCT 16 2012**     RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

1

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**
                   **WESTERN DISTRICT OF WASHINGTON**
10                          **AT SEATTLE**

11

12  **AZURE NETWORKS, LLC, *et al.*,**     )   NO. **MS12-213** MJP
                                     )
13          *Plaintiffs,*                  )
                                     )   **(Eastern District of Texas**
14  v.                                     )   **Case No. 6:11-CV-139)**
                                     )
15  **CSR PLC, *et al.*,**                 )   **THIRD PARTY NATIONAL CASA**
                                     )   **ASSOCIATION'S MOTION TO**
16          *Defendants.*                  )   **QUASH SUBPOENA**
                                     )
17  _____ )   **Note on Motion Calendar:**
                                     )
18                                         )   **November 2, 2012**

19

20          Pursuant to Federal Rules of Civil Procedure 26(c)(1)(A) and 45(c)(3), National

21  CASA Association ("CASA") asks the Court to quash Broadcom Corporation's

22  ("Broadcom") Subpoena to Testify (served September 24, 2012).

23                    **A.    INTRODUCTION**

24          Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation

25  ("TCEF") sued nine defendants alleging infringement of a patent owned and licensed by

26  MOTION TO QUASH                                    FERRING & DELUE, LLP
                                                      600 STEWART ST STE 1115
27                              1                      SEATTLE, WA 98101-1242
                                                      TEL: 206.508.3804 FAX: 206.508.3817

☐ ORIGINAL

Plaintiffs. *See* Original Complaint for Patent Infringement ("Complaint"), attached hereto as Exhibit A. The patent-in-suit is owned by Tri-County Excelsior Foundation ("TCEF"), a tax exempt organization that—according to the Complaint—is a supporting organization of CASA of Harrison County, Texas. *Id.* at ¶ 2, 17. Also according to the Complaint, TCEF granted an exclusive license to Azure to enforce the patent. *Id.* at ¶ 18.

On December 23, 2011, Broadcom, a defendant in this suit, served a subpoena to produce documents on CASA, a non-party in this matter. CASA timely served its answers and objections, and produced documents responsive to Broadcom's requests. *See* National CASA Association's Objections and Responses to Broadcom's Subpoena and Requests to Produce Documents, attached hereto as Exhibit B. On September 24, 2012, Broadcom served a subpoena to testify at a deposition on CASA. *See* Subpoena to Testify at a Deposition in a Civil Trial, attached hereto as Exhibit C. The topics in the subpoena are not relevant to any issue raised in the Complaint. The four main parts of a patent case are (1) infringement, (2) validity, (3) enforceability, and (4) damages. The topics in the subpoena do not address *any* of these issues. As such, CASA asks the Court to quash the subpoena, as the subpoena does not request information relevant to the issues raised in the Complaint.

## B. ARGUMENT

A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a nonparty to travel more than 100 miles from where the person lives, works, or regularly transacts business, (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

MOTION TO QUASH

FERRING & DELUE, LLP
600 STEWART ST STE 1115
SEATTLE, WA 98101-1242
TEL: 206.508.3804 FAX: 206.508.3817

1.      This Motion is Timely Under Rule 45(c)(3) and Should be Granted.

Rule 45(c)(3) requires a "timely" motion to quash or modify a subpoena. While that term is not defined in the rule, courts have held that "[a] motion under Rule 45(c)(3(A) is considered timely if it is filed before the date for compliance." *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 U.S. Dist. LEXIS 3774, at * 4 (D. Del. January 19, 2010) (emphasis added). *See also*, *e.g.*, *Flagstar Bank, FSB v. Freestar Bank, N.A.*, 2009 U.S. Dist. LEXIS 76842, at * 9-12 (N.D. Ill. August 25, 2009); *Anderson v. Abercrombie & Fitch Stores, Inc.*, 2007 U.S. Dist. LEXIS 47795, at * 25 (S.D. Cal. July 2, 2007); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002); *Dexter v. Cosan Chemical Corp.*, 2000 U.S. Dist. LEXIS 22134, at * 9 (D.N.J. October 24, 2000).

Here, the return date of the subpoena is October 19, 2012[1]. Thus CASA files this motion before the deadline to comply. *See* Fed. R. Civ. P. 45(c)(3)(A); *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.") (citations omitted). Hence, this Motion to Quash is timely and should be granted.

2.      Broadcom's Subpoena Subjects CASA To An Undue Burden.

Rule 45(c)(3)(A)(iv) requires a court to quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ P. 45(c)(3)(A)(iv). This Court must quash Broadcom's subpoena because it subjects CASA, a non-party, to an undue burden relative to the complete lack of relevance of the information Broadcom seeks by the subpoena. *Id.* When analyzing a motion to quash, "[a] court has broad discretion in determining whether a subpoena is unduly

---

[1] The original return date of the subpoena was October 12, 2012. In an effort to resolve the dispute which is the subject of this motion, the parties agreed to reschedule the deposition to October 19. *See* Broadcom E-mail Communication, attached hereto as Exhibit D.

MOTION TO QUASH

3

1   burdensome. . . ." *Linder v. NSA*, 94 F.3d 693, 695 (D.C. Cir. 1996).  As a non-party, CASA

2   should be given "special protection against the time and expense of complying with [the]

3   subpoena[ ]." *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)

4   (*citing* Fed. R. Civ. P. 45(c)(3)(B)(ii)).  In this instance, complying with the subpoena is

5   unduly burdensome because the information sought by Broadcom is not relevant to any issue

6   raised in the Complaint.  Furthermore, Broadcom's need for the information is outweighed by

7   the time and expense required for CASA to comply.  *See Hussey v. State Farm Lloyds Ins.*

8   *Co.*, 216 F.R.D. 591, 596 (E.D. Tex. Aug. 11, 2003) ("[W]hether a subpoena is burdensome

9   depends on the facts of the case").

10

11   Among the factors that the court may consider in determining whether there is an

12   undue burden are (1) relevance, (2) the need of the party for the information, (3) the breadth

13   of the discovery request, (4) the time period covered by it, (5) the particularity with which the

14   discovery sought is described and (6) the burden imposed.  *Id.*  "Discovery may not be had

15   regarding a matter which is not 'relevant to the subject matter involved in the pending action.'

16   *Even if relevant*, discovery is not permitted where no need is shown, or compliance would be

17   unduly burdensome, or where the harm to the person from whom discovery is sought

18   outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc.*

19   *v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (*citing* Fed. R. Civ. P. 26(b)(1);

20

21   *American Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734, 739-42 (Fed. Cir. 1987) (emphasis in

22   original).[2]

23   To date, Broadcom has propounded to CASA no sound reasoning for its need for the

24

25   ---
[2] In *Micro Motion*, the court went on to state that the Federal Rules require that a discovery request must be justified, and that the party making the request must certify that it has made a "reasonable inquiry" that the request is warranted.  894 F.2d at 1323.

26   MOTION TO QUASH

27   4

information covered by the topics in its subpoena to CASA.  Prior to service of the subpoena,

CASA's counsel communicated with Broadcom's attorneys regarding its lack of information

relevant to this suit, yet Broadcom still saw fit to serve the subpoena.  *See* Letter to

Broadcom, attached hereto as Exhibit E.  This lack of relevant information is also evidenced

by CASA's response to the previous subpoena for production of documents served by

Broadcom.   In its response, CASA indicated that it lacked any documents responsive to

twelve of the fifteen requests in Broadcom's subpoena. *See* Exhibit B.  Further, several topics

in the subpoena to testify directly overlap document requests to which CASA lacked any

responsive documents.  *Compare* Exhibit B, ¶¶ 3, 5 *with* Exhibit C, ¶¶ 5-7.  Of the three

requests to which CASA did have responsive documents, none have any relevance to any

party's claim or defense in this suit.  These requests merely asked for documents related to

CASA's policies regarding its trademark, revoking a state or local CASA's membership, and

CASA's charitable status. Exhibit B at 9-10; *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may

obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense. . . .").

Deposition topics 1 and 2 relate to the bylaws and rules of CASA, a non-party to this

suit. *See* Exhibit C.  Topics 4 through 7 concern ownership of the patent-in-suit and are better

directed toward the owner of the patent, rather than CASA.  *Id.*  Topics 8 through 11 regard

the service and response to the subpoena for documents served upon CASA, not the claims or

defenses of any party to the action.  *Id.*  Topic 3 concerns "communications regarding

Broadcom, Tri-County Excelsior Foundation, Azure Networks, and/or this lawsuit," and is the

topic that CASA assumes is Broadcom's main issue regarding its unwillingness to cancel this

MOTION TO QUASH

FERRING & DELUE, LLP
600 STEWART ST STE 1115
SEATTLE, WA 98101-1242
TEL: 206.508.3804 FAX: 206.508-3817

deposition. *Id.* However, CASA has had minimal communications, either internally or with other parties, regarding this lawsuit. Furthermore, any such communications are not relevant to the claims or defenses in the above referenced lawsuit, and Broadcom has not demonstrated any need for the information sought.

As discussed above, none of the information covered by the topics in the subpoena is relevant to a suit for patent infringement or this action in particular. To the extent any of the topics arguably are relevant, this information can be obtained much easier from other sources (such as the parties to the lawsuit). Therefore, requiring CASA to prepare and attend the deposition requested by Broadcom would subject CASA to an undue burden.

3.      The Court Should Award CASA Its Attorney's Fees

CASA is entitled to attorney's fees pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure. Even after Broadcom learned that CASA possessed no relevant information pertinent to the litigation—evidenced by the dearth of documents responsive to Broadcom's subpoena for documents and CASA's lack of information relevant to the topics in the subpoena to testify, as stated in the aforementioned letter and subsequent meet and confer—Broadcom has refused to withdraw the subpoena. Fed. R. Civ. P. 45(c)(1) (permitting sanctions where a subpoena proponent fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

### C.      CONCLUSION

For the foregoing reasons, CASA asks the Court to grant its motion to quash Broadcom's subpoena and award CASA its attorney's fees.

MOTION TO QUASH

FERRING & DELUE, LLP
600 STEWART ST STE 1115
SEATTLE, WA 98101-1242
TEL: 206.508.3804 FAX: 206.508-3817

1

2

Respectfully submitted,

3

FERRING & DELUE LLP

4

By: /s/ Daniel D. DeLue
Daniel D. DeLue, WSBA #29357
600 Stewart Street, Suite 1115
Seattle, WA 98101
P: (206) 508-3804
F: (206) 508-3817
dan@ferringdelue.com

5

6

7

8

9

Scott E. Stevens
State Bar No. 00792024
Gregory P. Love
State Bar No. 24013060
Darrell G. Dotson
State Bar No. 24002010
Scott A. Severt
State Bar No. 24066048
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606-0807
Telephone: (903) 753-6760
Facsimile: (903) 753-6761

10

11

12

13

14

15

16

ATTORNEYS FOR
NATIONAL CASA ASSOCIATION

17

18

19

CERTIFICATE OF CONFERENCE

20

21

I certify that on October 4, 2012 and October 12, 2012, I conferred with Jason Liss,

22

and he opposes this Motion to Compel.

23

/s/ Scott E. Stevens
Scott E. Stevens

24

25

26

MOTION TO QUASH

27

7

FERRING & DELUE, LLP
600 STEWART ST STE 1115
SEATTLE, WA 98101-1242
TEL: 206.508.3804 FAX: 206.508.3817

1

2

<u>CERTIFICATE OF SERVICE</u>

3       I hereby certify that on October 16, 2012, a copy of the foregoing document was

4 served on defendants' attorneys by electronic mail:

5

6                         */s/ Daniel D. DeLue*

7                        Daniel D. DeLue

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO QUASH

FERRING & DELUE, LLP
600 STEWART ST STE 1115
SEATTLE, WA 98101-1242
TEL: 206.508.3804 FAX: 206.508.3817

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | |
|---|---|
| **AZURE NETWORKS, LLC and TRI-COUNTY EXCELSIOR FOUNDATION,** §§§§ | |
| *Plaintiffs,* §§ | |
| **v.** §§ | **Civil Action No. 6:11-cv-139** |
| **CSR PLC, CAMBRIDGE SILICON RADIO INTERNATIONAL LLC, ATHEROS COMMUNICATIONS, INC., BROADCOM CORPORATION, MARVELL SEMICONDUCTOR, INC., QUALCOMM INCORPORATED, RALINK TECHNOLOGY CORPORATION [TAIWAN], RALINK TECHNOLOGY CORPORATION [USA], and TEXAS INSTRUMENTS INC.,** §§§§§§§§§§§§§ | **JURY TRIAL DEMANDED** |
| *Defendants.* § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Azure Networks, LLC ("Azure") and Tri-County Excelsior Foundation ("TCEF") complain against Defendants CSR plc and Cambridge Silicon Radio International LLC (collectively "CSR"); Atheros Communications, Inc. ("Atheros"); Broadcom Corporation ("Broadcom"); Marvell Semiconductor, Inc. ("Marvell"); Qualcomm Incorporated ("Qualcomm"); Ralink Technology Corporation [Taiwan] and Ralink Technology Corporation [USA] (collectively "Ralink"); and Texas Instruments Inc. ("Texas Instruments"), as follows:

1

## PARTIES

1.      Plaintiff Azure is a Texas limited liability company having its principal place of business in Longview, Texas.

2.      Plaintiff TCEF is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to Casa of Harrison County, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Marshall, Texas.

3.      On information and belief, Defendant CSR plc is a United Kingdom company having its principal place of business in Cambridge, England.

4.      On information and belief, Defendant Cambridge Silicon Radio International LLC is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan.

5.      On information and belief, Defendant Cambridge Silicon Radio International LLC is a wholly-owned indirect subsidiary of Defendant CSR plc.

6.      On information and belief, Defendant Atheros is a Delaware corporation having its principal place of business in Santa Clara, California.

7.      On information and belief, Defendant Broadcom is a California corporation having its principal place of business in Irvine, California.

8.      On information and belief, Defendant Marvell is a California corporation having its principal place of business in Santa Clara, California.

9.      On information and belief, Defendant Qualcomm is a Delaware corporation having its principal place of business in San Diego, California.

10.     On information and belief, Defendant Ralink Technology Corporation [Taiwan] is a Taiwanese corporation having its principal place of business in Jhubei City, Taiwan, R.O.C.

11.     On information and belief, Defendant Ralink Technology Corporation [USA] is a California corporation having its principal place of business in Cupertino, California.

12.     On information and belief, Defendant Ralink Technology Corporation [USA] is a subsidiary of Defendant Ralink Technology Corporation [Taiwan].

13.     On information and belief, Defendant Texas Instruments is a Delaware corporation having its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States, Title 35 of the United States Code.   Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     On information and belief, each Defendant, directly or through intermediaries, has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

16.     On information and belief, each Defendant has conducted substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.   Thus,

each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

**COUNT I**

**DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,756,129**

17.     Plaintiff TCEF is the owner by assignment of United States Patent No. 7,756,129 ("the '129 Patent") entitled "Personal Area Network with Automatic Attachment and Detachment." The '129 Patent was duly and legally issued on July 13, 2010.  A true and correct copy of the '129 Patent is attached as Exhibit A.

18.     Plaintiff Azure is the exclusive licensee of the '129 Patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '129 Patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Azure has the full right to enforce and/or sublicense the '129 Patent without any restriction, subject to certain encumbrances. Azure further has the exclusive right under the License to maintain, enforce, or defend the '129 Patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '129 Patent and pursuing and entering into any settlement related to a claim of infringement.

19.     On information and belief, Defendant CSR has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  CSR's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the CSR9000, that infringe one or more

4

claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by CSR that infringes one or more claims of the '129 Patent.  CSR is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

20.     On information and belief, at least since the filing of this Complaint, Defendant CSR has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  CSR's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the CSR9000, which computers and devices CSR knows or should know infringe one or more claims of the '129 Patent.  CSR is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

21.     On information and belief, at least since the filing of this Complaint, Defendant CSR has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  CSR's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the CSR9000, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the CSR9000 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  CSR is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

22.     On information and belief, Defendant Atheros has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Atheros's direct infringements include, without limitation, making, using,

5

offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Atheros AR3011, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Atheros that infringes one or more claims of the '129 Patent. Atheros is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

23.     On information and belief, at least since the filing of this Complaint, Defendant Atheros has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Atheros's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Atheros AR3011, which computers and devices Atheros knows or should know infringe one or more claims of the '129 Patent. Atheros is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

24.     On information and belief, at least since the filing of this Complaint, Defendant Atheros has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Atheros's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Atheros AR3011, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Atheros AR3011 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Atheros is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

25.    On information and belief, Defendant Broadcom has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Broadcom's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Broadcom BCM2070, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Broadcom that infringes one or more claims of the '129 Patent.   Broadcom is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

26.    On information and belief, at least since the filing of this Complaint, Defendant Broadcom has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Broadcom's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Broadcom BCM2070, which computers and devices Broadcom knows or should know infringe one or more claims of the '129 Patent.   Broadcom is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

27.    On information and belief, at least since the filing of this Complaint, Defendant Broadcom has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Broadcom's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Broadcom BCM2070, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Broadcom

BCM2070 to be especially made or especially adapted for use in an infringement of the '129

Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing

use.  Broadcom is thus liable for contributory infringement of the '129 Patent pursuant to 35

U.S.C. § 271(c).

28.    On information and belief, Defendant Marvell has been and now is directly

infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  Marvell's direct infringements include, without limitation, making, using,

offering for sale, and/or selling within the United States, and/or importing into the United States,

at least Bluetooth chip solutions, including without limitation the Marvell Avastar 88W8787, that

infringe one or more claims of the '129 Patent, and any other product made, used, offered for

sale, and/or sold by Marvell that infringes one or more claims of the '129 Patent.  Marvell is thus

liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

29.    On information and belief, at least since the filing of this Complaint, Defendant

Marvell has been and now is actively inducing infringement of the '129 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Marvell's inducements

include, without limitation and with specific intent to encourage the infringement, knowingly

inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import

into the United States, computers and devices that implement at least the Marvell Avastar

88W8787, which computers and devices Marvell knows or should know infringe one or more

claims of the '129 Patent.  Marvell is thus liable for inducing infringement of the '129 Patent

pursuant to 35 U.S.C. § 271(b).

30.    On information and belief, at least since the filing of this Complaint, Defendant

Marvell has been and now is contributing to infringement of the '129 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Marvell's contributions

include, without limitation, offering to sell and/or selling within the United States, and/or

importing into the United States, at least the Marvell Avastar 88W8787, which constitutes a

material part of the invention recited in one or more claims of the '129 Patent, knowing the

Marvell Avastar 88W8787 to be especially made or especially adapted for use in an infringement

of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial

noninfringing use.  Marvell is thus liable for contributory infringement of the '129 Patent

pursuant to 35 U.S.C. § 271(c).

31.     On information and belief, Defendant Qualcomm has been and now is directly

infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  Qualcomm's direct infringements include, without limitation, making, using,

offering for sale, and/or selling within the United States, and/or importing into the United States,

at least Bluetooth chip solutions, including without limitation the Qualcomm QTR8200

Integrated Bluetooth Controller, that infringe one or more claims of the '129 Patent, and any

other product made, used, offered for sale, and/or sold by Qualcomm that infringes one or more

claims of the '129 Patent.  Qualcomm is thus liable for direct infringement of the '129 Patent

pursuant to 35 U.S.C. § 271(a).

32.     On information and belief, at least since the filing of this Complaint, Defendant

Qualcomm has been and now is actively inducing infringement of the '129 Patent in the State of

Texas, in this judicial district, and elsewhere in the United States.  Qualcomm's inducements

include, without limitation and with specific intent to encourage the infringement, knowingly

inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import

into the United States, computers and devices that implement at least the Qualcomm QTR8200

Integrated Bluetooth Controller, which computers and devices Qualcomm knows or should know infringe one or more claims of the '129 Patent.   Qualcomm is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

33.   On information and belief, at least since the filing of this Complaint, Defendant Qualcomm has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Qualcomm's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Qualcomm QTR8200 Integrated Bluetooth Controller, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Qualcomm QTR8200 Integrated Bluetooth Controller to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.   Qualcomm is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

34.   On information and belief, Defendant Ralink has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Ralink's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation the Ralink RT3090BC4, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Ralink that infringes one or more claims of the '129 Patent.   Ralink is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

35.   On information and belief, at least since the filing of this Complaint, Defendant Ralink has been and now is actively inducing infringement of the '129 Patent in the State of

10

Texas, in this judicial district, and elsewhere in the United States. Ralink's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing OEMs to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least the Ralink RT3090BC4, which computers and devices Ralink knows or should know infringe one or more claims of the '129 Patent. Ralink is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

36.     On information and belief, at least since the filing of this Complaint, Defendant Ralink has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Ralink's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least the Ralink RT3090BC4, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing the Ralink RT3090BC4 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Ralink is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

37.     On information and belief, Defendant Texas Instruments has been and now is directly infringing the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bluetooth chip solutions, including without limitation Texas Instruments WiLink 7.0, that infringe one or more claims of the '129 Patent, and any other product made, used, offered for sale, and/or sold by Texas Instruments that infringes one or more claims of the '129

11

Patent. Texas Instruments is thus liable for direct infringement of the '129 Patent pursuant to 35 U.S.C. § 271(a).

38.    On information and belief, at least since the filing of this Complaint, Defendant Texas Instruments has been and now is actively inducing infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing outside equipment manufacturers ("OEMs") to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, computers and devices that implement at least Texas Instruments WiLink 7.0, which computers and devices Texas Instruments knows or should know infringe one or more claims of the '129 Patent.  Texas Instruments is thus liable for inducing infringement of the '129 Patent pursuant to 35 U.S.C. § 271(b).

39.    On information and belief, at least since the filing of this Complaint, Defendant Texas Instruments has been and now is contributing to infringement of the '129 Patent in the State of Texas, in this judicial district, and elsewhere in the United States. Texas Instruments's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least Texas Instruments WiLink 7.0, which constitutes a material part of the invention recited in one or more claims of the '129 Patent, knowing Texas Instruments WiLink 7.0 to be especially made or especially adapted for use in an infringement of the '129 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Texas Instruments is thus liable for contributory infringement of the '129 Patent pursuant to 35 U.S.C. § 271(c).

12

40.    As a result of Defendants' infringement of the '129 Patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter:

A.    A judgment in favor of Plaintiffs that Defendants have directly infringed the '129 Patent;

B.    A judgment in favor of Plaintiffs that Defendants have actively induced infringement of the '129 Patent;

C.    A judgment in favor of Plaintiffs that Defendants have contributed to infringement of the '129 Patent;

D.    A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' direct and indirect infringement of the '129 Patent as provided under 35 U.S.C. § 284; and

E.    Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
J. Wesley Hill
Texas State Bar No. 24032294
wh@wsfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323

Danny L. Williams
Texas State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas State Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas State Bar No. 24034398
ccravey@wmalaw.com

14

Matthew R. Rodgers
Texas State Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Texas State Bar No. 24073408
mbenefield@wmalaw.com
David Morehan
Texas State Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile:  (713) 934-7011

***Attorneys for Plaintiffs Azure Networks, LLC
and Tri-County Excelsior Foundation***

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **AZURE NETWORKS, LLC,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 6:11-CV-139-LED** |
| **v.** | § | |
| | § | |
| **CSR PLC,** *et al.*, | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

**NATIONAL CASA ASSOCIATION'S OBJECTIONS AND RESPONSES TO
BROADCOM'S SUBPOENA AND REQUESTS TO PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45, National CASA Association ("National CASA") hereby submits their objections and responses to Broadcom's Subpoena to Produce Documents as follows:

**GENERAL OBJECTIONS AND RESPONSES**

1.      National CASA objects to Broadcom's Request for Documents and the instructions and definitions contained therein to the extent they seek information that is protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege and/or any other applicable privilege. National CASA hereby asserts all such applicable privileges, protections, and immunities.  National CASA intends to preserve all such privileges to the fullest extent, and any disclosure of privileged information or production of privileged documents in response to these Requests for Documents shall be deemed inadvertent and shall not waive those privileges, protections, or immunities as to that or any other information or document.

1

2.      National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent they seek information and/or documents subject to an obligation of confidentiality to a third party or that they believe is sensitive, proprietary, or otherwise confidential. CASA agrees to provide such information and/or documents, subject to the other objections stated herein, only in accordance with the terms within the Protective Order entered in this action.

3.      National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent they purport to impose on their duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, and Local Patent Rules.

4.      National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent they seek information that is already in Broadcom's possession, or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

5.      National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent that any Request purports to require them to provide information that does not exist or that is not in their possession, custody or control.

6.      National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent any Request, whether standing alone or taken in conjunction with any other Request, is overbroad, seeks information that is not relevant to the claims or defenses of any party to the action or otherwise required to be disclosed

2

under the Local Rules or Local Patent Rules, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to National CASA.

7.     National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent any Request seeks information from a National CASA will endeavor to place a reasonable time restriction on any such Request.

8.     National CASA objects to Broadcom's Requests for Documents and the definitions and instructions contained therein to the extent that any Request seeks to have them provide information in a manner other than that in which such information is kept in the ordinary course of business.

## REQUESTS FOR DOCUMENTS

1. All documents concerning Bluetooth specifications, including without limitation all documents concerning your knowledge of Bluetooth specifications and/or efforts to prosecute the Application for the '129 Patent and/or any Related Patent to cover Bluetooth specifications.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. In addition, National CASA objects to this request as it is overbroad and not limited in time frame, reference or scope. Further, National CASA objects to this request because it seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

3

2.  All email communications containing the word "Bluetooth" between June 1, 2009 and March 22, 2011.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. In addition, National CASA objects to this request as it is overbroad and not limited in time frame, reference or scope. Further, National CASA objects to this request because it seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

3.  All documents concerning the ownership, title, chain-of-title, right, or interest (including transfer, sale, or assignment of any such interest) of or in the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. In addition, National CASA objects to this request as it is overbroad and not limited in time frame, reference or scope. Further, National CASA objects to this request because it seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

4. All documents concerning the preparation, filing, and/or prosecution of the Application for the '129 Patent and/or any Related Patent, including but not limited to correspondence, memoranda, and notes.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. In addition, National CASA objects to this request as it is overbroad and not limited in time frame, reference or scope. Further, National CASA objects to this request because it seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

5. All documents, including but not limited to email communications, concerning and/or reflecting any valuation of the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. In addition, National CASA objects to this request as it is overbroad and not limited in time frame, reference or scope. Further, National CASA objects to this request because it seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

6. All documents, including but not limited to email communications, concerning and/or reflecting any evaluation of the '129 Patent, the Application for the '129 Patent, and/or any Related Patent, including but not limited to any evaluation of the scope, meaning, validity, and/or invalidity of any claim of the '129 patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

7. All documents, including but not limited to email communications, containing the work "Bluetooth" that relate to the '129 Patent, the Application for the Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

6

Notwithstanding said objections, National CASA has no responsive documents.

8.  All documents, including but not limited to email communications, containing the words "jurisdiction," "venue," and/or "forum" that relate to the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

9.  All documents, including but not limited to email communications, concerning any efforts to license, sell, assign, or transfer the '129 Patent, the Application for the '129 Patent, and/or any Related Patent, so as to allow this action to be brought in the Eastern District of Texas.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7

Notwithstanding said objections, National CASA has no responsive documents.


10. All drafts of all assignments agreements for the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.


11. All communications, including but not limited to email communications, concerning any assignment or draft assignment for the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

12. All documents setting forth rules and requirements for continued use of the trademark "CASA", including but not limited to any membership requirements, national governing rules, regulation, and/or correspondence.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, see attached documents Bates labeled National CASA 0001 – National CASA 0161.


13. All drafts of all assignment agreements for the '129 Patent, the Application for the '129 Patent, and/or any Related Patent.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad and seeks information that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

Notwithstanding said objections, National CASA has no responsive documents.

9

14. All documents setting forth National CASA's policies and procedures for revoking a state or local CASA organization's provisional or full membership in National CASA.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad.

Notwithstanding said objections, see attached documents Bates labeled National CASA 0001 – National CASA 0161.

15. All documents concerning National CASA's charitable status, including but not limited to any requirements, guidelines, or rules for state or local CASA's members' obtaining funds via business or other investments or agreements.

OBJECTIONS AND RESPONSE:

National CASA incorporates their General Objections. National CASA further objects to this request to the extent it requests communications covered by the attorney-client privilege or work product doctrine. Further, National CASA objects to this request because it is overly broad.

Notwithstanding said objections, see attached documents Bates labeled National CASA 0001 – National CASA 0161

Respectfully submitted,

Scott E. Stevens
State Bar No. 00792024
Gregory P. Love
State Bar No. 24013060
Kyle J. Nelson
State Bar No. 24056031
Stevens Love
P.O. Box 3427
Longview, Texas 75606-0807
Telephone: (903) 753-6760
Facsimile: (903) 753-6761


ATTORNEYS FOR
NATIONAL CASA ASSOCIATION


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 24th day of January 2012.

Scott E. Stevens

11

EXHIBIT C

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Washington

| | | |
|---|---|---|
| AZURE NETWORKS, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    6:11-CV-139-LED (E.D. Tex.) |
| CSR PLC, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Texas                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   NATIONAL CASA ASSOCIATION, 100 West Harrison Street, North Tower, Suite 500, Seattle, WA 98119

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE SCHEDULE A, ATTACHED

| Place: 701 FIFTH AVENUE, SUITE 5100<br>        SEATTLE, WASHINGTON, 98104-7036 | Date and Time:<br><br>10/12/2012 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and audiovisual recording.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/24/2012

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        BROADCOM
CORPORATION _____, who issues or requests this subpoena, are:
JASON H. LISS
60 STATE STREET, BOSTON, MASSACHUSETTS 02109
JASON.LISS@WILMERHALE.COM, (617) 526-6699

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:11-CV-139-LED (E.D. Tex.)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    NATIONAL CASA ASSOCIATION _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows:    _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

The following definitions apply to the topics set forth below:

1. "Azure Networks" refers to Azure Networks, LLC, and any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, predecessors, subsidiaries, affiliates, divisions, or departments, or any other person who acted on or purported to act on its behalf.

2. "CASA of Harrison County" refers to CASA of Harrison County, Inc., and any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, predecessors, subsidiaries, affiliates, divisions, or departments, or any other person who acted on or purported to act on its behalf.

3. "National CASA," "You," and "Your" refer to National CASA Association, and any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, predecessors, subsidiaries, affiliates, divisions, or departments, or any other person who acted on or purported to act on its behalf.

4. "Stragent" refers to "Stragent, LLC," and any of its past or present officers, directors, principals, agents, employees, attorneys, representatives, predecessors, subsidiaries, affiliates, divisions, or departments, or any other person who acted on or purported to act on its behalf.

5. "Tri-County Excelsior Foundation" and "TCEF" refer to Tri-County Excelsior Foundation, and any of its past or present officers, directors, principals, agents,

employees, attorneys, representatives, predecessors, subsidiaries, affiliates, divisions, or departments, or any other person who acted on or purported to act on its behalf.

6.  "The '129 Patent" means and refers to United States Patent No. 7,756,129, entitled "Personal Area Network With Automatic Attachment And Detachment."

7.  "Application for the '129 Patent" shall mean Application No. 11/728,246, filed March 23, 2007.

8.  "Related Patent" means any United States or foreign patent or patent application for which any applicant is also a named inventor on the '129 Patent and/or which concerns the same or similar subject matter as the '129 Patent, as well as any patent or patent application (including rejected, abandoned, or pending applications) derived in whole or in part from said applications, and all foreign counterpart patents or patent applications (including rejected, abandoned, or pending applications).

9.  "Person(s)" or "People" means and refers to any natural person, firm, association, partnership, corporation, group, sole proprietorship, public entity, governmental agency, organization, or other form of legal business entity, regardless of whether "not-for-profit."

## TOPICS

1.  Bylaws or other rules relating to the proper goals, mission statement, and strategic objectives of National CASA and of state or local CASA organizations, including but not limited to rules relating to the use of CASA resources or the resources of state or local CASA organizations.

2.   National CASA's bylaws or other rules relating to the ownership of patents and litigation of patent infringement claims by National CASA or state or local CASA organizations.

3.   Communications regarding Broadcom, Tri-County Excelsior Foundation, Azure Networks, and/or this lawsuit.

4.   Any communication between National CASA and CASA of Harrison County regarding the actual or potential formation and activities of supporting organizations, including but not limited to TCEF.

5.   Any communication between National CASA and CASA of Harrison County regarding any completed or contemplated donations of patents and/or patent applications (including without limitation the '129 Patent, the Application for the '129 Patent, or any Related Patent) by any person or entity, including without limitation Azure and/or Stragent, to TCEF or CASA of Harrison County.

6.   Any communication between National CASA and CASA of Harrison County regarding any completed or contemplated transfer, sale, license, or assignment of interest in patents and/or patent applications (including without limitation the '129 Patent, the Application for the '129 Patent, or any Related Patent) by CASA of Harrison County or TCEF, to any person or entity, including without limitation Azure and/or Stragent.

7.   National CASA's knowledge of any valuation of patents and/or patent applications (including without limitation the '129 Patent, the Application for the '129 Patent, or any Related Patent) conducted and/or requested by, and/or prepared on behalf of, CASA of Harrison County.

- 3 -

8.      When and how National CASA learned of this lawsuit and any and all steps National
        CASA has taken in response to learning of this lawsuit.

9.      The authenticity, source, and meaning of each document or thing produced in response to
        Broadcom's December 1, 2011 Requests for Documents (Schedule A) Nos. 1 through 15.

10.     National CASA's search for and collection of documents responsive to Broadcom's
        December 1, 2011 Requests for Documents (Schedule A) Nos. 1 through 15.

11.     Any agreement by any person or entity to cover costs and/or provide indemnity in
        connection with this Litigation and/or National CASA's response to this subpoena.

- 4 -

EXHIBIT D

Scott:

I am writing to confirm our conversation yesterday afternoon regarding Broadcom's subpoena to National CASA Association for deposition testimony.

We agreed to push back the scheduled deposition by a week, to Friday 10/19.  This agreement is based on your statement that, early next week, you will provide a declaration from National CASA that National CASA has no knowledge, information, or communications regarding this litigation.  Upon receipt of that declaration we will determine whether it is still necessary to pursue a deposition.

Thanks.

**Jason H. Liss | WilmerHale**
60 State Street
Boston, MA 02109 USA
(617) 526 6699 (t)
(617) 526 5000 (f)
jason.liss@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

EXHIBIT E

# STEVENS | LOVE

SCOTT E. STEVENS
GREGORY P. LOVE
DARRELL G. DOTSON, PH.D.
DAVID P. HENRY
KYLE J. NELSON
TODD Y. BRANDT, PH.D.
STACI KILLINGSWORTH
SCOTT A. SEVERT
NICOLAS J. LABBIT

Scott E. Stevens
scott@stevenslove.com

September 21, 2012

Jason H. Liss
WilmerHale
60 State Street
Boston, MA 02109

      RE:    Azure, et al. v. CSR, et al.

Dear Jason:

I have spoken with my client about Broadcom's desire to take National CASA Association's ("National CASA") deposition. My client does not believe that any of the information Broadcom is seeking to obtain from National CASA is relevant to the issues in the above referenced lawsuit. The Federal Rules of Civil Procedure require that a party issuing a subpoena to a non-party must demonstrate a need for the information it desires to acquire from the deposed person or entity. *See Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990) (("Discovery may not be had regarding a matter which is 'not relevant to the subject matter involved in the pending action.' *Even if relevant*, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.") (*citing* Fed. R. Civ. P. 26(b)(1) (internal citations omitted; emphasis in original)). As a non-party, my client should be given "special protection against the time and expense of complying with [the] subpoena[]." *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9thCir. 1994). "When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's undue burden and expense cautions." *Precourt v. Fairbanks Construction Corp. et al.*, 280 F.R.D. 462, 467 (S.D.S.D. May 5, 2011) (citing Wright & Miller, *Federal Practice and Procedure*, § 2459 (3d ed. 2008). As such, my client does not believe Broadcom has demonstrated a need that would require National CASA to appear and give testimony at a deposition in this matter.

To the extent Broadcom still intends to go ahead and subpoena National CASA for deposition, we will accept service of a subpoena served out of the Eastern District of Texas by e-mail, with the agreement that by doing so, my client is not in any way waiving its right to file a motion for protection and/or motion to quash and object to the deposition subpoena.

If Broadcom will agree to serve the subpoena out of the Eastern District of Texas, in the event the court orders my client to give a deposition, my client has indicated it would be willing to

produce a witness for the deposition in Texas, subject to any unforeseen conflicts that may arise in the future.

I am available to discuss this matter further next week.  I look forward to hearing from you.

Sincerely,

Scott E. Stevens